IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | |
|---|---|
| UNITED STATES OF AMERICA, | : Case No. 3:23-mj-00383 |
| Plaintiff, | : |
| | : Magistrate Judge Caroline H. Gentry |
| vs. | : |
| | : |
| DAVID JEFFERY MINOR, | : |
| Defendant. | : |

## DECISION & ORDER GRANTING PLAINTIFF'S MOTION FOR PRETRIAL DETENTION (DOC. 3)

This case came before the Court on the Government's Motion for Pretrial Detention (Doc. 3), which seeks to detain Defendant David Minor ("Defendant") prior to trial. Defendant notified the Court that he does not object to the Government's Motion at this time and asked the Court to vacate the scheduled detention hearing. (Doc. 12.) This opinion sets forth the Court's findings of fact and statement of reasons for granting the Motion and orders certain conditions for Defendant's pretrial detention.

**I.  LEGAL STANDARD**

"In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *U.S. v. Salerno*, 481 U.S. 739, 755 (1987). Under the Bail Reform Act, the Court "**shall** order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond … unless the judicial officer determines that such release will not reasonably assure the appearance of the

person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b) (emphasis added).

The Government is authorized to request a pretrial detention hearing in cases involving certain offenses. 18 U.S.C. § 3142(f)(1). In addition, the Government may request, or the Court may hold on its own motion, a pretrial detention hearing if there is a serious risk that the defendant will flee, obstruct justice, or threaten, injure, or intimidate a prospective witness or juror. 18 U.S.C. § 3142(f)(2)(A) & (B). The Federal Rules of Evidence do not apply at a pretrial detention hearing and the Court may consider both hearsay and evidence provided by proffer. *U.S. v. Stone*, 608 F.3d 939, 948-49 (6th Cir. 2010). The Government must prove the risk of flight by a preponderance of the evidence, *U.S. v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004), and the risk of dangerousness by clear and convincing evidence. *Stone*, 608 F.3d at 945.

A rebuttable presumption of detention arises if the Court finds that there is probable cause to believe that the defendant committed certain offenses involving controlled substances, firearms, conspiracy to murder or kidnap, terrorism, peonage, or minor victims.[1] 18 U.S.C. § 3142(e)(3)(A)-(E). A rebuttable presumption of detention also arises if the defendant has a prior conviction for an offense listed in 18 U.S.C. § 3142(f)(1), the defendant committed that offense while on pretrial release, and not more

---

[1] An indictment provides probable cause for purposes of establishing a rebuttable presumption. *U.S. v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). If the Government charges the defendant by filing a complaint, however, then the Court must "find[] that there is probable cause to believe that the person committed" the offenses that give rise to a rebuttable presumption. 18 U.S.C. § 3142(e)(3). Significantly, the Court makes this finding based upon the record before it at the detention hearing. Therefore, the Court neither defers to the probable-cause finding that supported issuing the complaint, nor preempts the probable-cause determination at the upcoming preliminary hearing.

than five years have elapsed since the date of conviction or the defendant's release from imprisonment. 18 U.S.C. § 3142(e)(2).

If a rebuttable presumption arises, then the defendant "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community to rebut the presumption of detention. *Stone*, 608 F.3d at 945 (internal quotations and citation omitted). The defendant's burden of production is not a heavy one. *Id*. At all times, the Government bears the burden of persuasion. *Id*. Even if the presumption is rebutted, the Court must consider it when deciding whether to detain the defendant prior to trial. *See Stone*, 608 F.3d at 945 (explaining that "[t]he presumption remains as a factor because it is not simply an evidentiary tool" but also "reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial.").

In addition to considering any rebuttable presumption that applies, the Court must also consider: (1) the nature and circumstances of the offense charged, "including whether the offense is a crime of violence, a violation of [18 U.S.C. § 1591], a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device," (2) the weight of the evidence of risk of flight or dangerousness (not guilt), *Stone*, 608 F.3d at 948; (3) the defendant's history and characteristics;[2] and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g).

---

[2] A person's history and characteristics includes, but is not limited to: "(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and (B) whether, at the time of the current offense or arrest, the person was on probation, on

3

## II. ANALYSIS

For the reasons described below, the Court finds that the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Defendant's appearance at required court appearances if he is released. The Court further finds that the Government has met its burden of proving by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community if Defendant is released. Therefore, the Court grants the Government's Motion.

### A. Rebuttable Presumption

Based upon the record before the Court, including the Affidavit attached to the Complaint, the Court finds that there is probable cause to believe that Defendant committed controlled substances offenses that have a maximum penalty of ten or more years of imprisonment. The Court further finds that there is probable cause to believe that Defendant committed firearms offenses in violation of 18 U.S.C. § 924(c). Therefore, a rebuttable presumption of detention applies in this case. 18 U.S.C. § 3142(e)(3).

Although Defendant's burden of producing evidence to rebut the presumption is not heavy, he "must introduce at least some evidence" that he does not pose a risk of flight or danger to the community. *U.S. v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010) (internal quotations and citation omitted). Defendant did not provide any evidence to

---

parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3).

rebut the presumption of detention. For this reason alone, in addition to the reasons set forth below, the Court will grant the Government's Motion.

### B. Nature and Circumstances of the Offense

There is probable cause to believe that Defendant committed several serious drug offenses involving large quantities of fentanyl and methamphetamine. "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *Stone,* 608 F.3d at 947 n.6 (citations omitted). The Sixth Circuit "routinely affirms, on dangerousness grounds, the pre-trial detention of run-of-the-mill drug dealers, even without any indication that the defendant has engaged in violence." *Id*. There is also probable cause to believe that Defendant knowingly possessed at least four firearms—three of which were stolen—despite being a felon. Criminal offenses that involve firearms support a finding of dangerousness even absent a propensity for violence. *Stone*, 608 F.3d at 948 n.7.

Accordingly, the Court finds that the nature and circumstances of the charged offenses weigh heavily in favor of detaining Defendant prior to trial.

### C. Weight of Evidence of Risk of Flight or Dangerousness

The Court finds that there is a significant risk of non-appearance based upon Defendant's numerous failures to appear in court and probation violations, as well as the fact that he is subject to a lengthy period of incarceration if convicted. Substantial evidence supports this finding and weighs heavily in favor of detention.

The Court further finds that Defendant poses a substantial risk of danger to the community based upon his lengthy criminal record, prior conviction for a weapons

offense, probation violations, and repeated failures to obey court orders. This evidence also weighs heavily in favor of detention.

### D. Defendant's History and Characteristics

Defendant has been cited numerous times for failing to appear in court when required to do so. He has a lengthy criminal history that includes convictions for criminal trespass, resisting arrest, tampering with evidence, obstructing official business, having weapons under a disability, and possession of heroin and cocaine. He is facing serious charges with the potential for a very lengthy sentence. Taken together, these facts weigh in favor of detention.

### E. Nature and Seriousness of Danger Posed to The Community

The acts underlying the alleged offense pose an extremely serious danger to the community. Felonious possession of firearms—including, as in this case, stolen firearms—poses a significant threat to the safety of the community. And by its very nature, trafficking in illegal drugs harms the people who buy and consume that product. The concomitant violence, threats of violence, and other criminal activity that is commonly associated with drug trafficking create additional dangers for the entire community. Moreover, the danger of drug trafficking is greatly magnified when the drug at issue is fentanyl. It is impossible to overstate the danger posed by fentanyl, particularly when it is combined with other drugs and sold to unsuspecting users. According to the Drug Enforcement Agency, as few as ***two milligrams*** of fentanyl "can be lethal depending on a person's body size, tolerance and past usage." DEA, "Facts About

Fentanyl," *available at* https://www.dea.gov/resources/facts-about-fentanyl (last accessed July 19, 2023 1:16 PM ET). Therefore, this factor weighs heavily in favor of detention.

### III. CONCLUSION

After weighing all the relevant factors, the Court finds that no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) will reasonably assure (1) Defendant's appearance as required by the Court and (2) the safety of other persons and the community. Therefore, the Government's Motion for Pretrial Detention (Doc. 3) is **GRANTED**.

Accordingly, it is hereby **ORDERED** that:

1) Defendant be committed to the custody of the Attorney General of the United States for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2) Defendant be afforded reasonable opportunity for private consultation with counsel; and

3) On Order of a Court of the United States, or upon request of an attorney for the United States, the person in charge of the facility in which Defendant is confined deliver Defendant to a United States Marshal or his deputy for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

                                                  */s/ Caroline H. Gentry*
                                                  Caroline H. Gentry
                                                  United States Magistrate Judge

Any party may file and serve on the opposing party a motion for revocation or amendment of this Order with a United States District Judge. 18 U.S.C. § 3145(b). A defendant who files a motion for revocation or amendment must arrange for a transcript of the detention hearing. This Order is in full force and effect, notwithstanding the filing of a motion for revocation or amendment, unless it is stayed by the Magistrate Judge or District Judge.